

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| WESTERN DIVISION | | SOUTHERN DIVISION |
|---|---|---|
| 312 North Spring Street, Room G-8 | FILED | 411 West Fourth Street, Suite 1053 |
| Los Angeles, CA 90012 | 2008 JAN 15 PM 2:40 | Santa Ana, CA 92701-4516 |
| Tel: (213) 894-3535 | | (714) 338-4750 |

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

EASTERN DIVISION
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

BY ___RM___ DEPUTY

**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

2254 ✓   1983 ___
FILING FEE PAID
Yes ✓   No ___
IFP MOTION FILED
Yes ___   No ✓
COPIES SENT TO
Court ✓   ProSe ___

January 14, 2008

Mr. Sam Hamrick, Clerk
United States District Court
940 Front Street, Suite 4290
San Diego, CA 92101

**'08 CV 0088 WQH NLS**

Re:   Transfer of our Civil Case No. __CV 07-08329 RGK (SS)__

Case Title: __Ronald Edward Montijo v Warden, Chuckawalla Valley State Prison__

Dear Sir/Madam:

An order having been made transferring the above-numbered case to your district, we are transmitting herewith our entire original file in the action, together with certified copies of the order and the docket. Please acknowledge receipt of same and indicate below the case number you have assigned to this matter on the enclosed copy of this letter and return it to our office. Thank you for your cooperation.

Very truly yours,

Clerk, U.S. District Court

By _____
Deputy Clerk

**ED SAMBRANO**

cc:   All counsel of record

==============================================================================

### TO BE COMPLETED BY RECEIVING DISTRICT

Receipt is acknowledged of the documents described herein and we have assigned this matter case number CV: _____.

Clerk, U.S. District Court

By _____
Deputy Clerk

CV-22 (01/01)     TRANSMITTAL LETTER - CIVIL CASE TRANSFER OUT

I hereby attest and certify on 1/14/08 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

(1098)

FILED
CLERK, U.S. DISTRICT COURT
JAN 10 2008
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

Priority ✓
Send ✓
Enter ✓
Closed
JS-5/JS-6 ✓
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EDWARD MONTIJO,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, CHUCKAWALLA VALLEY STATE PRISON,<br><br>　　　　　　Respondent. | CASE NO. CV 07-08329 RGK (SS)<br><br>**ORDER TRANSFERRING ACTION TO SOUTHERN DISTRICT OF CALIFORNIA** |

　　On December 27, 2007, Petitioner, a California state prisoner proceeding pro se, filed a "Petition For Writ Of Habeas Corpus" pursuant to 28 U.S.C. § 2254 (the "Petition"). Upon review of the Petition, the Court finds that, in the interest of justice, this case should be transferred to the United States District Court for the Southern District of California.

　　A petition for writ of habeas corpus brought by a state prisoner may be filed in the United States District Court for either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. See Braden v. 30th

Judicial Circuit Court of Kentucky, 410 U.S. 484, 497, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973). The current Petition attacks a conviction sustained and sentence imposed in the San Diego County Superior Court, which is within the jurisdictional boundaries of the United States District Court for the Southern District of California. See 28 U.S.C. § 84(d). Petitioner is presently confined on the San Diego County conviction at Chuckawalla Valley State Prison in Blythe, California. Blythe is within the jurisdictional boundaries of the United States District Court for the Central District of California. See 28 U.S.C. § 84(c). Thus, jurisdiction over the Petition exists in either the Southern District of California or the Central District of California.

However, the Court has determined that the Southern District of California is the more appropriate forum for adjudication of the Petition. Braden, 410 U.S. at 493-501 (applying traditional venue considerations to its determination of where the action should be located); see also Fest v. Bartee, 804 F.2d 559, 560 (9th Cir. 1986) (same). Petitioner attacks his conviction and sentence rather than the execution of his sentence. Accordingly, all relevant evidence, records and witnesses are more readily available within the Southern District of California. Moreover, the expense and risk of transporting Petitioner to the Southern District of California, in the event that his presence is necessary for a hearing, would likely be outweighed by the costs and difficulties of transporting the records and witnesses to the Central District of California. This is especially true because habeas petitions are often resolved without requiring the petitioner's presence in court. Braden, 410 U.S. at 498 (citations omitted). Thus, the Court

concludes that this action should be brought in the Southern District of California rather than the Central District of California.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." See also Braden 410 U.S. at 497, 499 n.15 (stating that a court can, of course, transfer habeas cases to the district of conviction which is ordinarily a more convenient forum). Accordingly, in the interest of justice, IT IS ORDERED that the Clerk of the Court transfer this matter to the United States District Court for the Southern District of California.

IT IS FURTHER ORDERED that the Clerk serve a copy of this Order on Petitioner.

IT IS SO ORDERED.

Dated: _____JAN 10 2008_____, 2008.

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

3

CM/ECF - California Central District - Docket Report
Case 3:08-cv-00088-WQH-NLS Document 1   Filed 01/15/2008   Page 5 of 18
Page 1 of 2

194

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
(Western Division - Los Angeles)
CIVIL DOCKET FOR CASE #: 2:07-cv-08329-RGK-SS

Ronald Edward Montijo v. Warden
Assigned to: Judge R. Gary Klausner
Referred to: Magistrate Judge Suzanne H. Segal
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 12/27/2007
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**Ronald Edward Montijo**                    represented by   **Ronald Edward Montijo**
                                                              CDC V-72298
                                                              Chuckawalla Valley State Prison
                                                              PO Box 2289
                                                              Blythe, CA 92226
                                                              PRO SE

V.

**Respondent**

**Warden**
*Chuckawalla Valley State Prison*

I hereby attest and certify on 1/14/08 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

(1098)

| Date Filed | # | Docket Text |
|---|---|---|
| 12/27/2007 | 1 | PETITION for Writ of Habeas Corpus by a Person In State Custody (28:2254). Case assigned to Judge R. Gary Klausner and referred to Magistrate Judge Suzanne H. Segal. (Filing fee $ 5 PAID.), filed by Petitioner Ronald Edward Montijo. (et) (Entered: 01/03/2008) |
| 12/27/2007 | 2 | NOTICE OF REFERENCE TO A U.S. MAGISTRATE JUDGE. Pursuant to the provisions of the Local Rules, the within action has been assigned to the calendar of Judge R. Gary Klausner and referred to Magistrate Judge Suzanne H. Segal to consider preliminary matters and conduct all further matters as appropriate. The Court must be notified within 15 days of any change of address. (et) (Entered: 01/03/2008) |

| PACER Service Center |
|---|
| Transaction Receipt |
| 01/14/2008 12:09:08 |

| PACER Login: | us3877 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 2:07-cv-08329-RGK-SS |
| Billable Pages: | 1 | Cost: | 0.08 |

Fee Paid

NAME: Ronald Edward Montijo
PRISON IDENTIFICATION/BOOKING NO.: V72298
ADDRESS OR PLACE OF CONFINEMENT: Chuckawalla Valley State Prison

FILED
CLERK, U.S. DISTRICT COURT
DEC 27 2007
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

Note: It is your responsibility to notify the Clerk of Court in writing of any change of address. If represented by an attorney, provide his name, address, telephone and facsimile numbers, and e-mail address.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Ronald Edward Montijo
FULL NAME (Include name under which you were convicted)
Petitioner,

v.

Warden, Chuckawalla Valley State Prison
NAME OF WARDEN, SUPERINTENDENT, JAILOR OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER
Respondent.

CASE NUMBER:
CV 07-8329 RGK (SS)
To be supplied by the Clerk of the United States District Court

☐ ____ AMENDED

PETITION FOR WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY
28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION San Diego, CA
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(List by case number)
CV ____
CV ____

## INSTRUCTIONS - PLEASE READ CAREFULLY

1. To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2. In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge the judgment entered by a different California state court, you must file a separate petition.

3. Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4. Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5. You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

5. You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

6. When you have completed the form, send the original and two copies to the following address:
   Clerk of the United States District Court for the Central District of California
   United States Courthouse
   ATTN: Intake/Docket Section
   312 North Spring Street
   Los Angeles, California 90012

DOCKETED ON CM
JAN - 3 2008
BY ____

CV-69 (04/05)    PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C § 2254)    Page 1 of 9

PLEASE COMPLETE THE FOLLOWING: (*Check appropriate number*)

This petition concerns:
1. ☒ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☐ other.

## PETITION

1. Venue
   a. Place of detention __Chuckawalla Valley State Prison__
   b. Place of conviction and sentence __Superior Court of San Diego County (North Branch)__

2. Conviction on which the petition is based (*a separate petition must be filed for each conviction being attacked*).
   a. Nature of offenses involved (*include all counts*): __Preparation of a false paper for frandulent purpose__
   b. Penal or other code section or sections: __Penal Code § 134, § 667 (b) to (i), § 668, §1170 et seq.__
   c. Case number: __SCN 184797__
   d. Date of conviction: __1/14/05__
   e. Date of sentence: __3/4/05__
   f. Length of sentence on each count: __4 years (2 year midterm, doubled under "3 strikes" law, with credit for time served (247 days)__
   g. Plea (*check one*):
      ☒ Not guilty
      ☐ Guilty
      ☐ Nolo contendere
   h. Kind of trial (*check one*):
      ☒ Jury
      ☐ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction?   ☒ Yes  ☐ No
   If so, give the following information for your appeal (*and attach a copy of the Court of Appeal decision if available*):
   a. Case number: __D046391__
   b. Grounds raised (*list each*):
      (1) __Errors related to elements of proof__

    (2) Refusal of Judge to give CALJIC 2.02, Reversible error
    (3) Giving CALJIC 2.62 was prejudicial error
    (4) Court abused discretion in denying motion to strike prior "strike"
    (5) Course of events compels application of rules of reversal
    (6) _____
  c. Date of decision: 6/14/06
  d. Result: Judgment affirmed

4. If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision? ☒ Yes ☐ No

If so give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:
  a. Case number: S145138
  b. Grounds raised *(list each)*:
    (1) Insufficient evidence to prove intent to commit fraud
    (2) Court of Appeals interpretation violates due process
    (3) Conviction is infected by errors in jury instructions
    (4) _____
    (5) _____
    (6) _____
  c. Date of decision: 9/27/2006
  d. Result: Summary denial

5. If you did not appeal:
  a. State your reasons: N/A

  b. Did you seek permission to file a late appeal? ☐ Yes ☐ No  N/A

6. Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?
  ☐ Yes ☒ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*: N/A

---

a.  (1) Name of court: ___N/A___
    (2) Case number: _____
    (3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): _____
    (4) Grounds raised (list each):
        (a) ___N/A___
        (b) _____
        (c) _____
        (d) _____
        (e) _____
        (f) _____
    (5) Date of decision: _____
    (6) Result _____

    (7) Was an evidentiary hearing held?    ☐ Yes   ☐ No

b.  (1) Name of court: ___N/A___
    (2) Case number: _____
    (3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): _____
    (4) Grounds raised (list each):
        (a) _____
        (b) _____
        (c) _____
        (d) _____
        (e) _____
        (f) _____
    (5) Date of decision: _____
    (6) Result _____

    (7) Was an evidentiary hearing held?    ☐ Yes   ☐ No

c.  (1) Name of court: ___N/A___
    (2) Case number: _____
    (3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): _____
    (4) Grounds raised (list each):
        (a) _____
        (b) _____

(c) _N/A_
(d) _____
(e) _____
(f) _____

(5) Date of decision: _____
(6) Result: _____

(7) Was an evidentiary hearing held?   ☐ Yes   ☐ No

7. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the <u>facts</u> supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

   CAUTION:   *Exhaustion Requirement*: In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present <u>all</u> of your grounds to the California Supreme Court.

   a. Ground one: _See attached page 9_

      (1) Supporting FACTS: _See attached page 9_

      (2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☒ Yes   ☐ No
      (3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☒ Yes   ☐ No
      (4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☒ Yes   ☐ No

   b. Ground two: _See attached page 9_

      (1) Supporting FACTS: _See attached page 9_

      (2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☒ Yes   ☐ No
      (3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☒ Yes   ☐ No

---

CV-69 (04/05)   PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C § 2254)   Page 5 of 9

(4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☒ Yes   ☐ No

✱ Enclosures: Appellant's Opening Brief before the state Court of Appeal, case #D046391; Respondent's Brief before the state Court of Appeal, case number D046391; Appellant's Reply Brief before the state Court of Appeal, case #D046391; State Appellate Court Ruling, case number D046391; Appellant's Petition for Review by the Supreme Court of the State of California; Denial of Petition for Review by the Supreme Court of the State of California

d. Ground four: _____N/A_____

(1) Supporting FACTS: _____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☐ Yes   ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☐ Yes   ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☐ Yes   ☐ No

e. Ground five: _____N/A_____

(1) Supporting FACTS: _____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☐ Yes   ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☐ Yes   ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☐ Yes   ☐ No

8. If any of the grounds listed in paragraph 7 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: __N/A__

9. Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?
   ☐ Yes  ☒ No
   If so, give the following information for each such petition (use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available):
   a. (1) Name of court: __N/A__
      (2) Case number: _____
      (3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): _____
      (4) Grounds raised (list each):
         (a) _____
         (b) _____
         (c) _____
         (d) _____
         (e) _____
         (f) _____
      (5) Date of decision: _____
      (6) Result _____
      (7) Was an evidentiary hearing held?    ☐ Yes  ☐ No
   b. (1) Name of court: __N/A__
      (2) Case number: _____
      (3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): _____
      (4) Grounds raised (list each):
         (a) _____
         (b) _____
         (c) _____
         (d) _____
         (e) _____
         (f) _____
      (5) Date of decision: _____
      (6) Result _____

(7) Was an evidentiary hearing held?   ☐ Yes   ☐ No    N/A

10. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to this judgment of conviction?   ☐ Yes   ☐ No

    If so, give the following information (and attach a copy of the petition if available):

    (1) Name of court: _____ N/A _____
    (2) Case number: _____ N/A _____
    (3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): _____
    (4) Grounds raised (list each):

    (a) _____
    (b) _____
    (c) _____
    (d) _____
    (e) _____
    (f) _____

11. Are you presently represented by counsel?   ☐ Yes   ☒ No    N/A
    If so, provide name, address and telephone number: _____ N/A _____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding,

_____ N/A _____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on  3/14/07
              Date

Ronald E. Monty
Signature of Petitioner

c/o H. Haubert
Box 1794
Vista, CA 92085-1794

Attachment to Paragraph 7 follows

Attachment to Paragraph 7:
    a. Ground one: There was **insufficient evidence** presented at trial to prove that the defendant had any "**intent** to produce it [the allegedly false record}...as genuine or true, upon any trial, proceeding, or inquiry" or that he actually produced the allegedly false record "as genuine or true, upon any trial, proceeding, or inquiry" as required by §134 of the Penal Code.

    Supporting FACTS: Petitioner is convicted of California Penal Code §134, preparing a "false...book, paper, record, instrument...or thing with intent to produce it, or allow it to be produced...as genuine or true, upon any trial, proceeding, or inquiry". This crime requires the prosecution to prove beyond a reasonable doubt that the defendant prepared a "false...book, paper, record, instrument...or thing" **AND** that he had an **intent** to produce it "upon any trial, proceeding or inquiry whatsoever, authorized by law". It is one thing to find that the defendant simply "fudged" or prepared a "false...record" during his employment with the expectation that it would be routinely placed in a file that may never be seen again. It is quite a stretch to conclude, without any probative evidence, that the defendant had the "**intent to produce it**...as genuine or true, upon any trial, proceeding, or inquiry" (emphasis added). The prosecution produced **insufficient evidence** at trial that the latter element of intent was proven. In fact, the prosecution actually admitted that "It [the "false...record"] was the <u>basis</u> for OHS's report to the court" [emphasis added]. (See page 10 of Respondent's Brief before the state Court of Appeal, case number D046391). <u>This is a conclusive and indisputable admission by the prosecution that it knew that the ACTUAL "record" prepared by the defendant would **NOT** be used "upon any trial, proceeding, or inquiry".</u> Without the appropriate presentation of CALJIC 2.02 to the jury, the jury was left simply to **presume** the existence of this missing (and non-existent), but essential, element of the crime solely from the evidence that a false record had been created. (See pages 37 and 38 of Appellant's Opening Brief before the state Court of Appeal, case #D046391.) The state courts' decisions are contrary to <u>Jackson v. Virginia</u> (1979) 43 US 307, 317-320.

    b. Ground two: The Respondent's argument (See page 12 of Respondent's Brief before the state Court of Appeal, case number D046391) and the reasoned decision of the state Court of Appeal (See pages 13-15 of the state Appellate Court Ruling, case number D046391) that CA Penal Code § 134 is "not unconstitutionally vague" are a misapplications of <u>Kolender v. Lawson</u> (1983) 461 US 352, 357 and <u>Williams v. Garcetti</u> (1993) 5Cal.4th 561, p. 567. In the case at hand, the prosecution admittedly used "the **basis** for OHS's report to the court" as though that **basis** were to become the **actual** report to the court. No misapplication of the letter of the law could cause a deeper uncertainty as to exactly what conduct is and what conduct is not subject to the referenced statute. Under both the California and federal Constitutions, due process of law in the context of vagueness of a statute requires two elements: "a criminal statute must "be definite enough to provide (1) a standard of conduct for those whose activities are proscribed and (2) a standard for police enforcement and for ascertainment of guilt. <u>Williams v. Garcetti</u>, *supra* (See also page 12, *supra* and page 13 of the state Appellate Court Ruling, case #D046391). Following the prosecution's logic, **every** document ever created could be subject to CA Penal Code § 134 because **any** document could become the **basis** for a subsequent court document.

    Supporting FACTS: The Court of Appeal simply manufactured its case for the constitutionality of the conviction out of thin air by stating without sufficient evidence that "Here, the falsified documents were to be used ... with regard to a formal proceeding..." (See page 15 of the state Appellate Court Ruling, case #D046391) There was absolutely **no evidence** presented by the prosecution to prove this essential element. In addition to the Supporting Facts presented above, the state courts' decisions encourages the arbitrary and discriminatory enforcement of a law which, if not already vague, has become such by this case.



FILED
CLERK, U.S. DISTRICT COURT
DEC 27 2007
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EDWARD MONTIJO<br><br>PLAINTIFF(S)<br><br>V.<br><br>WARDEN, CHUCKAWALLA VALLE<br><br>DEFENDANT(S) | CASE NUMBER<br><br>CV07- 8329 RGK (SS)<br><br>NOTICE OF REFERENCE TO A<br>UNITED STATES MAGISTRATE JUDGE<br>(Petition for Writ of Habeas Corpus) |

    Pursuant to General Order 07-02, the within action has been assigned to the calendar of the Honorable R. Gary Klausner, U.S. District Judge. Pursuant to General Order 05-07, the within action is referred to U.S. Magistrate Judge Suzanne H. Segal, who is authorized to consider preliminary matters and conduct all further hearings as may be appropriate or necessary. Thereafter, unless the Magistrate Judge determines that an evidentiary hearing is required, the Magistrate Judge shall prepare a report and recommendation and file it with the Clerk of the Court which may include proposed findings of fact and conclusions of law where necessary or appropriate, and may include a proposed written order or judgment, which shall be mailed to the parties for objections.

Pleadings and all other matters to be called to the Magistrate Judge's attention shall be formally submitted through the Clerk of the Court.

The Court must be notified within fifteen (15) days of any address change. If mail directed by the clerk to your address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not notified in writing within fifteen (15) days thereafter of your current address, the Court may dismiss the petition with or without prejudice for want of prosecution.

                                                          Clerk, U.S. District Court

| December 27, 2007 | By | SANTHONY |
|---|---|---|
| Date | | Deputy Clerk |

DOCKETED ON CM
JAN - 3 2008
BY _____ 067



SHERRI R. CARTER
District Court Executive
and Clerk of Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
312 North Spring Street, Room G-8 Los Angeles, CA 90012
Tel: (213) 894-7984

SOUTHERN DIVISION
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

EASTERN DIVISION
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Thursday, December 27, 2007

RONALD EDWARD MONTIJO
V-72298
PO BOX 2289
BLYTHE, CA  92226

Dear Sir/Madam:

A [X] Petition for Writ of Habeas Corpus was filed today on your behalf and assigned civil case number CV07- 8329 RGK (SS)

A [ ] Motion pursuant to Title 28, United States Code, Section 2255, was filed today in criminal case number _____ and also assigned the civil case number _____

Please refer to these case numbers in all future communications.

Please Address all correspondence to the attention of the Courtroom Deputy for:
   [ ] District Court Judge _____
   [X] Magistrate Judge    **Suzanne H. Segal**

at the following address:

[X] U.S. District Court
    312 N. Spring Street
    Civil Section, Room G-8
    Los Angeles, CA  90012

[ ] Ronald Reagan Federal
    Building and U.S. Courthouse
    411 West Fourth St., Suite 1053
    Santa Ana, CA  92701-4516
    (714) 338-4750

[ ] U.S. District Court
    3470 Twelfth Street
    Room 134
    Riverside, CA 92501

The Court must be notified within fifteen (15) days of any address change. If mail directed to your address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not notified in writing within fifteen (15) days thereafter of your current address, the Court may dismiss the case with or without prejudice for want of prosecution.

Very truly yours,

Clerk, U.S. District Court

By: SANTHONY _____
    Deputy Clerk

CV-17 (01/01)        LETTER re FILING H/C PETITION or 28/2255 MOTION

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Ronald Edward Montijo

**DEFENDANTS**

Warden, CVSP

FILED
2008 JAN 15 PM 2:40
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

2254 ☑  1983 ___
FILING FEE PAID
Yes ☑  No
IFP MOTION FILED
Yes  No ☑
COPIES SENT TO
Court ☑  Pro Se

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Riverside
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Ronald Edward Montijo
PO Box 2289
Blythe, CA 92226
V-72298

ATTORNEYS (IF KNOWN)

'08 CV 0088 WQH NLS

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

28 U.S.C. 2254

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | ☐ 862 Black Lung (923) | |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ Security Act | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☐ Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☒ 5 Transferred from another district (specify) CENTRAL CA  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
DEMAND $
Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ Docket Number _____

DATE January 15, 2008

SIGNATURE OF ATTORNEY OF RECORD
R. Montijo